■ BELDEN-STARK BRICK CORP., Appellant-Respondent, v BRONSON & POPOLI, INC., et al., Respondents-Appellants, et al., Defendants.—In an action *inter alia* to recover for goods sold and delivered, (1) plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated October 10, 1974, as (a) denied its motion for summary judgment on the fourth and fifth causes of action and (b) granted the branch of a cross motion by defendants Bronson & Popoli, Inc., Underpinning & Foundation Co., Inc., and the Home Indemnity Company which was for summary judgment dismissing the fifth cause of action and (2) said defendants cross-appeal, as limited by their notice of appeal and brief, from so much of said order as denied the branch of their cross motion which was to dismiss the fourth cause of action (pleaded only against defendant Bronson & Popoli, Inc.) and the seventh cause of action as against defendants Bronson & Popoli, Inc., and Underpinning & Foundation Co., Inc. Order modified by deleting from the first decretal paragraph thereof, which denied plaintiff's said motion as to the fourth cause of action, the word "denied" and substituting therefor the following: "granted, except as to the amount to be recovered, and as to the amount an assessment shall be held" and adding thereto a provision that that cause of action is severed. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to plaintiff against defendant Bronson & Popoli, Inc. Defendant Bronson & Popoli, Inc., was the general contractor of a construction project. Balsyd Construction Corp. was retained as the masonry subcontractor. On March

28, 1972, plaintiff and Balsyd entered into a written contract for the sale by plaintiff and purchase by Balsyd of specific quantities of specific types of brick and mortar. On that same day, Bronson & Popoli, Inc., executed a written guarantee whereby it "hereby unconditionally guarantees the payment to the Belden-Stark Brick Corporation * * * for all the" brick, tile and mortar "purchased by Balsyd * * * and delivered to said job location". Asserting nonpayment for material delivered, plaintiff commenced this suit and subsequently moved for summary judgment on its fourth cause of action, which cause of action rested upon the guarantee, and also on the fifth cause of action. In opposition, Bronson & Popoli, Inc.'s president averred that the contract between plaintiff and Balsyd was materially altered without the knowledge of Bronson & Popoli, Inc. Plaintiff's motion should have been granted as to the fourth cause of action. The instrument of guarantee is clear and unambiguous. It provides for payment for all brick, mortar and tile purchased by Balsyd and delivered by plaintiff to the job site. There is no incorporation of, or reference to, the completely independent contract for the purchase of brick. In the absence of ambiguity, resort to extrinsic matters is improper. The assertion that the guarantee was tied to the contract for purchase of brick finds no support in the guarantee and adds an additional term to it. "It is not for the courts to make new contracts between [the parties] or to give their express language a strained or unreasonable construction" *(Cream of Wheat Co. v Crist Co., 222 NY 487, 493–494)*. We agree with Special Term's holdings with respect to the fifth and seventh causes of action. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.