Memorandum. The order of the Appellate Division granting respondent’s motion for summary judgment should be affirmed. In December, 1967 the respondent bank extended a loan to a corporation — the loan being guaranteed by the appellant. The guarantee was continuing in nature and covered not only the 1967 loan but also applied to any subsequent loans made by the bank to the corporation; it also provided that the appellant could terminate her liability thereunder only by written notice to the bank. In January, 1970 the corporation satisfied its indebtedness arising out of the 1967 loan, and in November of the same year the bank made a second loan to the corporation, which subsequently defaulted in payment.
Appellant concedes that in accordance with her prospective guarantee she would ordinarily be liable for the subsequent indebtedness incurred by the corporation. Likewise, she admits that she has never given the appellant the written notice required to terminate her liability as guarantor. However, she contends that her obligations under the 1967 guarantee were orally terminated by an officer of the respondent bank in 1970. As the majority at the Appellate Division concluded, the alleged oral agreement cannot operate to terminate appel *252 lant’s obligation and does not create a triable issue of fact (General Obligations Law, § 15-301).
Pursuant to section 15-301 (subds 1, 4) of the General Obligations Law, the alleged oral notice is completely ineffectual to terminate appellant’s obligations under the written guarantee which here specifically provided that it could not be modified or terminated, unless such modification or termination was communicated to the respondent in writing (see Rothschild v Manufacturers Trust Co., 279 NY 355; Mount Vernon Trust Co. v Bergoff, 272 NY 192; Bay Parkway Nat. Bank v Shalom, 270 NY 172; Manufacturers Hanover Trust Co. v Trans Nat. Communications, 36 AD2d 709; Manufacturers Trust Co. v Palmer, 13 AD2d 772).
The appellant’s reliance on Green v Doniger (300 NY 238) is misplaced. In that case, decided .under the provisions of section 33-c of the Personal Property Law, this court held only that a provision precluding oral modification would not bar the respondent from proving that by an oral understanding the agreement was abandoned. More specifically, in Green we did not hold that an oral understanding could effectively terminate an agreement requiring termination to be in writing. Moreover, the viability of the distinction recognized in Green has been negated by the enactment of section 15-301 of the General Obligations Law, which precludes both oral modifications and oral terminations.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in memorandum.