■ NANUET NATIONAL BANK, Appellant, v KURT O. ROM et al., Respondents. — In an action on a written guarantee of payment, commenced by service of a summons with notice of motion for summary judgment in lieu of a complaint, plaintiff appeals from an order of the Supreme Court, Rockland County (Miller, J.), entered January 20, 1983, which denied its motion for summary judgment. Order reversed, on the law, with costs, and motion for summary judgment granted. On June 24, 1980, defendant signed a "Continuing General Guaranty" in order to secure a loan to defendants' corporation from the plaintiff bank. The guarantee stated that it could not be terminated without written notice to plaintiff. After the loan was repaid in full, defendants' corporation applied for a new loan. Defendants allege that prior to issuing the new loan, plaintiff requested that a new guarantee be signed. Defendants refused, stating that the old guarantee was terminated and no new guarantee was needed because the corporation proved its credit-worthiness by repaying the first loan. Nevertheless, plaintiff issued the new loan without a new guarantee and allegedly continually tried to entice defendants to sign a new guarantee by offering ready credit advances. When the corporation defaulted on the loan and went bankrupt, plaintiff sued defendants on the original guarantee. Defendants' claims that the initial guarantee covered only the first loan agreement and that the written notice provision was terminated orally before the issuance of the second loan are without merit. Under the terms of the guarantee, the defendants undertook to "unconditionally guarantee * * * the prompt payment at maturity * * * of any and all indebtedness, and any extensions or renewals thereof * * * which the Bank now owns and holds, or which the Bank may hereafter own [or] hold * * * for or on account of the Debtor". In addition, the guarantee was to "continue in full force and effect until written notice of its discontinuance shall have been served upon the Bank". Parol evidence cannot be utilized to contradict or vary the express terms of the writing (*National Bank of Westchester v Dogwood Constr. Corp.*, 47 AD2d 848; *Meadow Brook Nat. Bank v Bzura*, 20 AD2d 287; Ann., Parol Evidence — Guaranty, 33 ALR2d 960; cf. *Long Is. Trust Co. v International Inst. for Packaging Educ.*, 38 NY2d 493). Similarly, the alleged oral agreement cannot operate to terminate defendants' obligation and does not create a triable issue of fact (see General Obligations Law, § 15-301, subd 1; *Chemical Bank v Wasserman*, 37 NY2d 249). Nor does plaintiff's action in requesting that defendants sign an additional guarantee warrant the application of the doctrine of estoppel. In order to invoke an estoppel the "conduct relied upon to establish estoppel must not otherwise be compatible with the agreement" (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 344). Unlike cases such as *Alside Aluminum Supply Co. v Berliner* (32 AD2d 731, 732), plaintiff did not assure "the guarantor[s] that the agreement was no longer in effect and nobody would use it against [them]" and its conduct cannot, as a matter of law, be interpreted as such. A request for additional guarantees being superfluous, it is clearly

"compatible with the [original] agreement". Moreover, the original agreement is unambiguous on its face, both parties possessed equal information, were fully aware of the situation, and there is no evidence of deception (see *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82; 21 NY Jur, Estoppel, Ratification and Waiver, § 61). Indeed, we would note that in *Chemical Bank v Wasserman* (37 NY2d 249, 250, *supra*), almost a twin to this case, defendant's estoppel argument was rejected by the Court of Appeals when it affirmed a granting of summary judgment to the plaintiff holding that there was no triable issue of fact. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.