■ MOORE BROTHERS OIL CO., INC., Respondent, v HOWARD DEAN et al., Appellants. — In a foreclosure action, defendants appeal from a judgment of the Supreme Court, Rockland County (Slifkin, J.), entered January 30, 1984, which, after a nonjury trial, granted a judgment of foreclosure and sale.

Judgment affirmed.

Motion by respondent to strike appellants' reply brief denied.

Respondent is awarded one bill of costs.

While defendant Dean's personal guarantee, dated July 16, 1981, was clearly limited in its duration to those debts incurred by defendant DAP Oil Corp. for a one-year period, the trial court properly found that the mortgage and mortgage note which the parties substituted for this guarantee bore no such limitation. The express language of the agreement, dated June 30, 1982, to substitute security states in no uncertain terms that the note and mortgage are to secure all past, present and future debts. Furthermore, the note and mortgage contain no term limiting their duration. Since these documents are clear and unambiguous on their face, extrinsic evidence of a prior or contemporaneous oral agreement to limit their duration is barred by the parol evidence rule (see, Belden-Stark Brick Corp. v Bronson & Popoli, 48 AD2d 845, appeal dismissed 38 NY2d 753; Nanuet Natl. Bank v Rom, 96 AD2d 898). We further find that the agreement to substitute security and the ensuing note and mortgage were properly accepted by plaintiff, and that this acceptance was timely communicated to defendants. Moreover, defendants' contention that the security agreement was unsupported by valid

consideration is without merit. The note and mortgage were clearly meant to secure payment of those debts which accrued after the expiration of defendant Dean's personal guarantee and to induce plaintiff to continue its deliveries of gasoline and oil products to defendant DAP's filling stations. Finally, we note that the outstanding debt balance fixed by the trial court was well supported by both testimonial and documentary evidence. Accordingly, we affirm the judgment appealed from. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.