■ KLEET LUMBER COMPANY, INC., Appellant, v QUAIL HOMES OF LONG ISLAND, INC., Defendant, and RALPH NOVICK, Respondent.—In an action, *inter alia,* to recover on a written guarantee of payment, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Burke, J.), dated June 3, 1985, as, after a nonjury trial, is in favor of the defendant Novick and against it.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Kleet Lumber Company, Inc. (hereinafter Kleet Lumber) sold lumber and building materials to the defendant Quail Homes of Long Island, Inc. (hereinafter Quail Homes) through December 1978. The defendant Novick guaranteed payment of goods sold to Quail Homes in a document dated January 18, 1978, but which the trial court, based upon the credible evidence, found was in fact signed in January 1979. The court also found that the guarantee did not apply to preexisting indebtedness and therefore it dismissed the complaint insofar as it was asserted against the defendant Novick.

The plaintiff's contention that the guarantee encompassed

past and future debts is unconvincing. The liability of a guarantor is to be narrowly construed, and a guarantee agreement cannot be held to have retroactive effect unless by its express words or necessary implication it clearly appears to be the intention of the parties to include past obligations *(see, People v Lee,* 104 NY 441, 449; *Thomson v American Sur. Co.,* 170 NY 109). In this case, the language of the guarantee clause is sufficiently ambiguous that reference to extrinsic evidence is permitted *(cf., Moore Bros. Oil Co. v Dean,* 109 AD2d 872, *lv denied* 65 NY2d 608).

The defendant Novick testified that he understood that the guarantee was "for materials to be ordered from that date forward", and that Howard Kleet, on behalf of Kleet Lumber, never said "anything about the guarantee for the past bills". Mr. Kleet himself testified he informed Mr. Novick that in order to continue doing business, he wanted Mr. Novick's guarantee on "the [1979] contract". Under these circumstances, the trial court did not err when it held that the guarantee was to apply prospectively only. Thompson, J. P., Lawrence and Eiber, JJ., concur.

Weinstein, J., dissents and votes to reverse the judgment insofar as appealed from, and grant the plaintiff judgment against Novick, with the following memorandum: According to my view of the record, the unequivocal terms of the subject guarantee do not limit it to the indebtedness arising from the purchase agreement to which it was attached. Nor is the date on which the defendant Novick signed and executed the guarantee controlling inasmuch as that instrument specifically provides that it extends to "any other contract with or obligation to the Seller howsoever and whenever arising". By executing a guarantee of such a broad and open-ended nature, the defendant Novick obligated himself with respect to the payment of all sums already due and to become due from Quail Homes to Kleet Lumber. The most reasonable interpretation of the aforementioned wording is that the guarantee executed by Novick expressly covers the entire balance due on the running account of Quail Homes.

Thus, notwithstanding the trial court's conclusion that the guarantee, although dated January 18, 1978, was not actively signed until January 1979, it was improper to release Novick from all liability on these facts.

Where, as here, a contract is clear and unambiguous on its face, resort may not be had to extrinsic evidence of a prior or contemporaneous oral agreement to limit its duration or in any way aid in its interpretation *(see, Moore Bros. Oil Co. v*

*Dean,* 109 AD2d 872, *lv denied* 65 NY2d 608; *Nanuet Natl. Bank v Rom,* 96 AD2d 898). Accordingly, the trial court erred in dismissing the complaint against the guarantor. The plaintiff should be awarded judgment against the guarantor.