■ KANE MANUFACTURING CORPORATION, Respondent, v HARRY C. PARTRIDGE, III, et al., Appellants.—In an action, *inter alia,* to recover on a written guarantee of payment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered May 6, 1987, as granted the plaintiff's motion for summary judgment on the first and second causes of action against the defendants Harry C. Partridge, III, Vilma Partridge, Anne Oswalt and Terence Partridge.

Ordered that the appeal by the defendant Clifford Partridge is dismissed, as he is not aggrieved by the order *(see,* CPLR 5511); and it is further,

Ordered that the order is modified by deleting so much of the first decretal paragraph as granted that branch of the plaintiff's motion which was for summary judgment as to debts incurred by Harry C. Partridge & Sons, Inc. prior to the

execution of the guarantee at issue; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Harry C. Partridge, III, Vilma Partridge, Anne Oswalt and Terence Partridge are awarded one bill of costs.

This action is based upon a guarantee executed by the defendants on December 19, 1983. The Supreme Court determined that the guarantee was intended to cover debts incurred both prior and subsequent to its execution and granted summary judgment to the plaintiff as against the defendants Harry C. Partridge, III, Vilma Partridge, Anne Oswalt and Terence Partridge. These defendants contend that summary judgment was improperly granted since a triable issue of fact exists with regard to whether the guarantee was intended to be retroactive. We agree.

The liability of a guarantor is to be narrowly construed, and a guarantee agreement cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations (see, Kleet Lbr. Co. v Quail Homes, 129 AD2d 564, 565; People v Lee, 104 NY 441, 449; Thomson v American Sur. Co., 170 NY 109). In the instant case, the language of the guarantee is sufficiently ambiguous that reference to extrinsic evidence should be permitted (see, Kleet Lbr. Co. v Quail Homes, supra, at 565; cf., Moore Bros. Oil Co. v Dean, 109 AD2d 872, lv denied 65 NY2d 608). Where the intent of the parties must be determined by disputed evidence or inference outside the written words of the instrument, as here, a triable issue of fact is presented, precluding summary judgment (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285). The plaintiff's failure to sustain its burden of demonstrating, as a matter of law, that there was no issue of fact as to whether the guarantee was intended to be retroactive in effect required denial of its motion for summary judgment with respect to the antecedent debts, regardless of the sufficiency of the defendants' opposing papers (1014 Fifth Ave. Realty Corp. v Manhattan Realty Co., 67 NY2d 718, 720). Accordingly, summary judgment should have been denied as to those debts incurred prior to execution of the guarantee.

We have examined the appellants' remaining contention and find it to be without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.