■ EMPIRE INDUSTRIAL SYSTEMS CORP., Appellant, v NORTH-EASTERN BANK OF PENNSYLVANIA, Respondent, and EDWARD ROUFBERG, Appellant.—In an action, inter alia, for a judgment declaring the cancellation of an indebtedness, the plaintiff and the additional defendant on the counterclaim appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered September 11, 1987, which, upon granting the motion of the Northeastern Bank of Pennsylvania for summary judgment on its counterclaim, is in favor of the defendant and against them in the sum of $84,761.62.

Ordered that the judgment is affirmed, with costs.

The record establishes that, through a sale-lease-back agreement, the plaintiff obtained approximately $65,000, and obligated itself to make certain lease payments which were personally guaranteed by the plaintiff's president Edward Rouf-

berg. Both the agreement and guarantee authorized assignment without notice, and formal assignment of the agreement to the defendant bank took place almost immediately upon its execution. Delivery of the guarantee to the defendant bank took place simultaneously with the delivery to it of the agreement, the assignment and other documents involved in the transaction. The plaintiff then made payments due pursuant to the agreement directly to the defendant bank, but some two years after the original transaction, commenced this action for a declaration canceling the indebtedness. The defendant bank counterclaimed for the balance due pursuant to the agreement and successfully moved for summary judgment against both the plaintiff and Edward Roufberg.

On appeal, the plaintiff and Edward Roufberg have abandoned their arguments made before the Supreme Court that questions of fact exist as to their liability because of lack of privity, because of some inconsistencies in tangential documents, and because of the defendant bank's possible fraud. The sole challenges made on appeal are that the "authenticity" of the assignment of the agreement has not been established and that there is no proof of written assignment of the guarantee. However, these arguments were not advanced before the Supreme Court and may not be asserted for the first time on appeal (*see, Rohdie v Michael Guidice, Inc.,* 132 AD2d 541; *Schoonmaker v State of New York,* 94 AD2d 741). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.