**James A. CARICO**

v.

**FIRST NATIONAL BANK OF BOGATA.**

**No. P–89–04–CA.**

United States District Court, E.D. Texas, Paris Division.

April 5, 1990.

Bill Zook, J.D. McLaughlin, Paris, Tex., for plaintiff.

Ronald R. Davis, Dallas, Tex., for defendant.

## ORDER

PAUL N. BROWN, District Judge.

Pending before the Court is the Motion for Summary Judgment filed by the Federal Deposit Insurance Corporation ("FDIC") as receiver for defendant First National Bank ("Bank"). After reviewing all of the pleadings in this case and the applicable law, the Court finds that the plaintiff's claims against the Bank are barred under federal law as embodied in 12 U.S.C. § 1823(e) and *D'Oench, Dubme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Construing the Motion for Summary Judgment filed by the FDIC as a motion to dismiss, the Court finds that the motion should be granted as to all claims against the Bank and FDIC as receiver.

As set forth in the Case Statement filed pursuant to an Order by this Court, the plaintiff alleges that the Bank, acting through its officer Ronald Blackstone ("Blackstone"), orally represented that certain checks made payable to the plaintiff and drawn on an account at the Bank maintained by Jim Woods ("Woods") would be honored despite the fact that the checks had been initially dishonored and returned by the Bank for insufficient funds ("NSF checks"). Although this and other actions of the Bank, Blackstone and Woods allegedly constituted fraud, civil conspiracy, and violations of the RICO Act, the linchpin of the plaintiff's claims against the Bank is Blackstone's representations to the plaintiff concerning Wood's NSF checks. Accepting plaintiff's factual allegations as true, the Court nevertheless finds as a matter of law that Blackstone's representations to the plaintiff can not support any claim against the Bank now in receivership.

### 12 U.S.C. § 1823(e)

The earlier codification of the *D'Oench, Duhme* doctrine, 12 U.S.C. § 1823(e), only applied to the FDIC in its corporate capacity. *See Bell & Murphy & Associates v. Interfirst Bank Gateway*, 894 F.2d 750, 753 (5th Cir.1990); *FDIC v. McClanahan*, 795 F.2d 512, 516 (5th Cir.1986). The earlier version of § 1823(e) applied to any "agreement which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired ... either as security for a loan or by purchase ..." Under § 217(4) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, § 1823(e) was amended to extend its application to any "agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it ... either as security for a loan or by purchase *or as receiver of any insured depository institution ...*" FIRREA now provides that the FDIC may, as receiver, determine claims" subject to certain statutory provisions which include the proviso that "any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the [FDIC]. 12 U.S.C. § 1821(d)(3)(A); § 1821(d)(9). Finally, FIRREA also extended the protec-

tion of § 1823(e) to so-called bridge banks created by the FDIC. 12 U.S.C. § 1821(n)(4)(B), (I).

■ In light of these statutory provisions, it would be incongruous to conclude that the provisions of § 1823(e) do not extend to the FDIC as receiver—the very party that most often retains the claims asserted against failed financial institutions. Although § 1823(e) was amended while this case was pending, a court should apply the law as it exists at the time it renders its decision. *See Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). Accordingly, this Court finds that § 1823(e) as amended applies to cases involving the FDIC as receiver of a failed bank. *See In re Kanterman*, 108 B.R. 432, 433 (S.D.N.Y.1989); *LaChance v. FDIC*, 90–076781 No. A–89–CA–042 (W.D.Tex. November 9, 1989) (Order applying amended § 1823(e) to claims against FDIC as receiver).

■ Applying the provisions of § 1823(e) to this case compels the conclusion that the plaintiff's claims are barred as a matter of law. Blackstone's oral representations, fraudulent or otherwise, that the Bank would honor the NSF checks constituted an "agreement" for purposes of 12 U.S.C. § 1823(e). *See Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 401–02, 98 L.Ed.2d 340 (1987). To be enforceable against the FDIC, this "agreement" to honor the NSF checks must meet the four requirements of 12 U.S.C. § 1823(e). Since the "agreement" was not embodied in a writing, signed by plaintiff and the Bank, approved by the Bank's Board of Directors, and made an official record of the Bank, it fails to meet any of § 1823(e)'s requirements. Therefore, § 1823(e) bars the enforcement of any "agreement" based on Blackstone's promises to honor Wood's NSF checks, and under § 1821(d)(9), the agreement can not form the basis of any claim against the FDIC as receiver.

*Application of D'Oench, Duhme*

The FDIC as receiver is also entitled to the common-law protections of *D'Oench,*

*Duhme* that parallel § 1823(e). By not requiring Blackstone to properly document his assurances that Wood's NSF checks would be honored, the plaintiff "lent himself to a scheme or arrangement" that would likely mislead the FDIC's bank examiners concerning the true status of the liabilities of the Bank. *See D'Oench, Duhme & Co.*, 315 U.S. at 460, 62 S.Ct. at 681. However innocent of "wrongdoing" the plaintiff may be in this case, the *D'Oench, Duhme* doctrine favors the interests of depositors of a failed bank, as represented by the FDIC, over the interests of persons such as the plaintiff. The plaintiff was in a position to protect himself from the secret arrangement offered by Blackstone by insisting that the agreement to honor the NSF checks be in writing and approved by the Bank's Board of Directors. The depositors of a failed bank such as the one in this case have no opportunity to protect themselves from such secret agreements. In a case such as this, *D'Oench, Duhme* requires that the plaintiff, and not the FDIC, bear any loss resulting from the breach of a secret agreement that would impose additional liabilities on the receivership estate of a failed bank. *See Bell & Murphy & Associates v. Interfirst Bank Gateway*, 894 F.2d 750, 754 (5th Cir.1990). Accordingly, it is

ORDERED that the FDIC's Motion for Summary Judgment is GRANTED and plaintiff's claims against defendant First National Bank and the FDIC as Receiver for the Bank are DISMISSED WITH PREJUDICE.