■ KEY BANK OF LONG ISLAND, Appellant, v THOMAS R. BURNS et al., Respondents.—In an action to recover sums due under a note, the plaintiff appeals from an order of the

Supreme Court, Suffolk County (Hand, J.), entered February 8, 1989, which denied its motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment as against the defendants Thomas Burns, Nelly Burns, Mary Munkenbeck, George Munkenbeck, Jr., and Andrew Levy, and substituting therefor a provision granting those branches of the motion, and, upon searching the record, granting summary judgment to the defendants David Strock, Mary Strock, Allen Shiplet, and Kim Shiplet dismissing the action as against them; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the plaintiff's application for reasonable attorneys' fees in accordance herewith, and entry of an appropriate judgment.

This action arises out of a default on a loan by the plaintiff to the defendant Thomas Burns. The payment of Mr. Burns's debt to the plaintiff was guaranteed by the defendants Nelly Burns, Mary Munkenbeck, George Munkenbeck, Jr., and Andrew Levy. Summary judgment should have been granted as against Mr. Burns and the above-named defendants. The plaintiff made out a prima facie case as against these defendants by submitting proof of the note, the guarantees, and the failure to make payment in accordance with their terms *(see, Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686; CPLR 3213).

The arguments now advanced by the Munkenbecks were not advanced before the Supreme Court and may not be asserted for the first time on appeal *(see, Empire Indus. Sys. Corp. v Northeastern Bank,* 144 AD2d 429). We note, in any event, that their contentions are belied by the record and are without merit.

The defendants David and Barbara Strock and Kim and Allen Shiplet had signed continuing guarantees of loans by the plaintiff to the Brooktronics Corporation. The Brooktronics Corporation had subsequently become one of the guarantors on the Burns note. We cannot read the guarantee of the debts and obligations of the Brooktronics Corporation to the plaintiff as imposing an obligation on the Strocks and Shiplets as guarantors of Mr. Burns's debts. Such a reading is not reasonable within the scope of the terms of the guarantee of

the debts of the Brooktronics Corporation, and the over-all intention of the parties. It is well settled that the liability of a guarantor is to be narrowly construed and cannot be extended by construction beyond the plain and explicit language of the contract (see, *Kleet Lbr. Co. v Quail Homes,* 129 AD2d 564, 565; 63 NY Jur 2d, Guaranty and Suretyship, § 88). Therefore, upon searching the record, we grant summary judgment to those defendants dismissing the action as against them.

As provided for in the underlying note, the plaintiff is entitled to recover reasonable attorney's fees. Accordingly the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine those fees and for entry of an appropriate judgment. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.