FEDERAL DEPOSIT INSURANCE
CORP., Plaintiff,

v.

Jorge ENGEL, et al., Defendants.

No. 88 CIV. 2052 (SWK).

United States District Court,
S.D. New York.

Aug. 28, 1990.

As Corrected Oct. 23, 1990.

Jorge Engel, pro se.

Ira Hyams, Jericho, N.Y., for FDIC.

AMENDED OPINION AND ORDER

KRAM, District Judge.

The Court issued a Memorandum Opinion and Order on May 15, 1990, granting plaintiff's summary judgment motion in part and denying it in part. The denial was based on the Court's holding that an estoppel defense was available to defendant Engel as against the FDIC in its receivership capacity.

Plaintiff has since moved for reconsideration of that Opinion in light of a change in the applicable statute that occurred shortly after the filing of the original moving papers for partial summary judgment. As of August 9, 1989, 12 U.S.C. § 1823(e) as amended by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") of 1989 now bars defendants from asserting an estoppel defense against the FDIC, both in its receivership as well as its corporate capacity.

Standard for Reargument

This Court will revisit a ruling when a motion for reargument raises new matters or controlling decisions which this Court has overlooked. Local Rule 3(j). It is clear that the Court should have taken account of the FIRREA amendment of § 1823(e) in its May 15, 1990 opinion. The Court should have then considered, and must now consider, whether to give the amended statute retroactive effect, i.e., whether it should apply to this situation which arose before the change in law.

Retroactive Application of Amended Statute

The Supreme Court has long held that courts should apply the law in effect at the time it renders its decision "unless doing so would result in manifest injustice or there is statutory direction or legislative

history to the contrary." *Bradley v. Richmond School Bd.*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The Court has searched the amended text of the statute as well as the legislative history. Pub.L. 101–73, § 217 sub. (4). The Court finds no directive to apply the change only prospectively. *See FDIC v. Dalba*, 89–C–712–S, (W.D.Wis., Feb. 27, 1990), slip op. at 8, 1990 WL 43750; *see also FDIC v. British American Corp.*, 744 F.Supp. 116, 117 (E.D.N.C.1990); *FDIC v. Carter*, CIV–89–1338–A (W.D.Okla. June 1, 1990), slip op. at 4.

Defendant, proceeding *pro se*, has written the Court a letter citing the recent case of *FDIC v. Cherry, Bekaert & Holland*, 129 F.R.D. 188 (M.D.Fla.1989), for the proposition that the FIRREA amendments "cannot be applied retroactively in this case." Letter of Jorge Engel, dated August 15, 1990. This case is inapposite, and in any event stands for the opposite conclusion. The citation is to a discovery order by a United States Magistrate, addressing that portion of the FIRREA amendments going to whether FDIC–Corporate could assert the attorney-client privilege of a failed bank. The court held that because there was a split in the circuits on this question before the amendments were passed, the amendments merely clarify rather than change existing law. 129 F.R.D. at 191–92. The court therefore concluded that the amendments *could* be applied retroactively.

Neither can the Court make a finding of "manifest injustice" in this case. *Bradley* recites three factors which the Court should weigh in making such a finding: (1) the nature and identity of the parties; (2) the nature of their rights; and (3) the nature of the impact of the change in law upon those rights. 416 U.S. at 717, 94 S.Ct. at 2019. These factors are aptly summarized by the *Dalba* court as follows: "Retroactive application of a new law results in manifest injustice when the disappointment of private expectations outweighs the public interest in enforcing a new rule." *Id.* (citing *Allied Corp. v. Acme Solvents Reclaiming, Inc.*, 691 F.Supp. 1100, 1112 (N.D.Ill.1988).

In the present case, the enforceability of debtors' obligations to the FDIC, as regulated by Congress, is clearly within the realm of the public concern. "The clear purpose of the statute is to protect the funds of the FDIC in the public interest of maintaining solvency for the regulated institutions and maintaining solvency of the government agency." *Dalba, supra,* slip op. at 9; *see also FDIC v. Sullivan,* 744 F.Supp. 239, 241 (D.Colo.1990); *British American Corp., supra,* at 117.

There is no legitimate private expectation here that could outweigh this public concern. Engel's interest in asserting an estoppel defense against the FDIC is an equitable consideration; he neither asserts, nor could he plausibly assert, that had he known of the impending change to the FDIC receivership provisions he would have acted differently with respect to Jackie Finkielstein, the 99% shareholder of the now-failed Central National Bank. Accordingly, the Court finds no reason in this case to circumvent the presumption of retroactivity. *See Dalba, supra* (retroactively enforcing FIRREA amendment); *Sullivan, supra* (same); *British American Corp, supra* (same); *Carter, supra* (same).

Application of Revised Statute to this Case

■ Title 12, § 1823(e) of the United States Code now reads in relevant part:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 11 ... as receiver of any insured depository institution, shall be valid ... unless such agreement (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.

It is undisputed that these conditions have not been fulfilled in the present case. While Engel argues that there was no se-

cret about the meeting at which he exchanged his Bravo shares for a cancellation of his guarantee, there is no question that he failed to obtain a written discharge to that effect. The Court will assume for purposes of this motion that he is innocent of wrongdoing. Nonetheless, he was in a position to protect himself by insisting on a written cancellation with a receipt, as required by the terms of his original agreement. Guaranty between Central and Bravo, attached as Exhibit D to Affidavit of David M. Cohen, submitted with FDIC's summary judgment motion, at 2. By not obtaining a written cancellation, he participated in an arrangement that would likely mislead the FDIC's bank examiners concerning the true status of the bank's liabilities. The principles announced in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 460, 62 S.Ct. 676, 680, 86 L.Ed. 956 (1942), favor the interest of depositors of a failed bank over the interests of persons such as the plaintiff. *Carico v. First National Bank of Bogata*, 734 F.Supp. 768, 769 (E.D.Tex. 1990).

Moreover, while it is true that the bulk of the funds guaranteed by Engel, approximately $5 million, was lent to Bravo after Engel purportedly cancelled his guarantee, there is abundant authority for the proposition that such a guarantee is a continuing obligation. *Franklin National Bank v. Skeist*, 49 A.D.2d 215, 373 N.Y.S.2d 869, 872–73 (1st Dep't 1975); *Nanuet Nat'l Bank v. Rom*, 96 A.D.2d 898, 466 N.Y.S.2d 68 (2d Dept.1983); *Chemical Bank v. Wasserman*, 45 A.D.2d 703, 357 N.Y.S.2d 13 (1st Dep't 1974), *aff'd* 37 N.Y.2d 249, 371 N.Y.S.2d 919, 333 N.E.2d 187 (1975).

Therefore, applying the revised version of § 1823(e), defendant shall not be permitted to raise an estoppel defense against plaintiff FDIC. Engel's continuing guarantee of the debts of the Bravo Leather Corporation is in effect and is enforceable by the FDIC as receiver, standing in the shoes of the lender bank. *See British Am. Corp., supra* (precluding "no clean hands" defense against FDIC as receiver for failed bank, based on § 1823(e)).

Revised Order

Accordingly, it is hereby ORDERED that plaintiff FDIC's motion to reargue is GRANTED; and it is further

ORDERED that Court's decision of May 15, 1990 is hereby VACATED; and it is further

ORDERED that plaintiff's motion for partial summary judgment against defendant Engel is GRANTED in its entirety.

This Order closes the case with respect to defendant Jorge Engel.

SO ORDERED.