■ UNION CHELSEA NATIONAL BANK, Respondent, v PGA MARKETING LTD. et al., Appellants.—Orders, Supreme Court, New York County (Carol E. Huff, J.), both entered on or about April 12, 1990, which, respectively, granted plaintiff's motion for summary judgment and denied defendants' motion for renewal, and judgment entered on or about April 24, 1990, which granted plaintiff judgment against the defendants, unanimously affirmed.

In February 1985, defendants Sheldon and Howard Golub commenced a business relationship with plaintiff by execution and delivery to the plaintiff bank of unconditional and continuing guarantees of defendant PGA's obligations to plaintiff. The terms of the guarantees were such that they would obligate the individual guarantors for all future loans to PGA Marketing Ltd. until such time as plaintiff bank received written notice of the guarantors' discontinuance as to future liabilities. Having satisfied the February 1985 loan the Golubs again signed unconditional guarantees in respect to a July 1986 advance which likewise was satisfied. Thereafter, in March 1987 the plaintiff advanced moneys to PGA despite the fact that the separate "Guarantee and Endorsement" had not been executed by the individual defendants. This loan was subsequently satisfied. On April 1, 1988, plaintiff advanced $450,000 to PGA, again relying on the original guarantee agreement as to the Golubs' joint and several liability. After two renewals, PGA defaulted.

The court granted summary judgment to plaintiff since defendants failed to controvert that the guarantees contained explicit language that they would apply to obligations incurred in the future until such time as the guarantors submitted written notice that the bank was not to give further accommodation in reliance thereon. Defendants moved for an order to show cause to renew and permit further discovery. In support thereof, Howard Golub submitted an affidavit alleging that he had a conversation with a bank officer who informed him of the existence of documents which would "undeniably

prove that the Loan was unguaranteed." The court denied defendants' renewal motion. On April 24, 1990, a judgment holding defendants jointly and severally liable on the $450,000 loan was entered.

We reject defendants' arguments that plaintiff is estopped from enforcement of the February 1985 guarantee because of detrimental reliance as a result of plaintiff's conduct which, it is alleged, constituted a waiver of enforcement of the guarantee. *(See, Nanuet Natl. Bank v Rom,* 96 AD2d 898.) This form of written guarantee used by plaintiff is a fully integrated, unambiguous contract which by its terms cannot be modified or varied by parol evidence or by an alleged course of conduct *(see, Chemical Bank v Sepler,* 60 NY2d 289, 293; *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023).

In addition, the court correctly refused to grant defendants' motion to renew and for limited discovery since the alleged oral agreement cannot operate to terminate defendants' obligation and does not create a triable issue of fact *(Nanuet Natl. Bank v Rom, supra).* In conclusion we note that by their very terms, the guarantees at issue provided for joint and several liability of defendants. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.