■ ISRAEL DISCOUNT BANK OF NEW YORK, Respondent, v 500 FIFTH AVENUE ASSOCIATES, Defendant, ISRAEL GREEN, Respondent, and JERRY WILLIAMS et al., Appellants.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 8, 1991, which awarded plaintiff 4 million dollars plus interest at the contract rate of 15% through the date of this judgment, unanimously modified on the law to the extent of providing for 9% statutory interest from March 22,

1990, to the date of entry of this judgment, and the order is otherwise affirmed, with costs.

Codefendants Green, Williams and Brown executed separate guarantees of 500 Fifth Avenue Associates' December 1, 1988, 5 million dollar promissory note in favor of plaintiff. Plaintiff obtained summary judgment in lieu of complaint against the primary obligor and the three guarantors. Pending defendants Williams' and Brown's prior appeal to this Court, it was stipulated plaintiff would not enter judgment against them in return for creation of a $4,750,000 escrow account. Plaintiff proceeded to enter judgment against the other defendants, the primary obligor-limited partnership and co-guarantor Green, on March 22, 1990. This Court affirmed the grant of summary judgment to plaintiff against defendants Williams and Brown (167 AD2d 203). Thereupon, plaintiff was paid $4,797,698.78 from the escrow fund. In settling the judgment against defendants Williams and Brown, the court proceeded to calculate interest at the 15% contract rate through the date of this judgment.

Interest chargeable against defendants Williams and Brown from March 22, 1990 on should have been calculated at the 9% statutory rate, as on that date, the note merged into plaintiff's judgment against the primary obligor (see, Bank Leumi Trust Co. v Ross Mgt., 101 AD2d 759). Defendants Williams and Brown, by the terms of their guarantees, did not assume any greater obligation with respect to interest than did the primary obligor (see, American Trading Co. v Fish, 42 NY2d 20). Any ambiguity in this regard is to be construed strictly in favor of the guarantors against plaintiff (Key Bank v Burns, 162 AD2d 501). Finally, in the circumstances of this case, we see no abuse of discretion in the court's refusal to provide an affirmative provision directing that plaintiff assign its rights under the March 22, 1990 judgment against Green to defendants Williams and Brown upon their payment of this judgment (see, 63 NY Jur 2d, Guaranty and Suretyship, § 457). The issue of Green's liability to defendants Williams and Brown may be determined in further proceedings between those parties, if necessary. Concur—Murphy, P. J., Carro, Wallach and Smith, JJ.