■ BANK OF NEW YORK, Appellant, v DONALD KRANIS, Defendant, and FELICE KRANIS et al., Respondents.—In an action to recover on two promissory notes and written guarantees of payment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), entered January 14, 1991, as denied those branches of its motion which were for summary judgment against the defendants Felice Kranis and Elaine Weiss.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment against the defendants Felice Kranis and Elaine Weiss are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment against them in the principal sum of $38,887.80,

and for a hearing and determination with respect to reasonable attorneys' fees.

On October 3, 1986, as consideration for a loan, the respondents and their husbands, who were officers of the borrower corporation, executed two continuing guarantees by which they unconditionally guaranteed "the prompt payment when due of all present and future obligations and liabilities of any and all kinds of the Borrower to the Bank". The guarantee stated that it would "remain in full force and effect * * * until written notice of its revocation shall actually be received by the Bank". It is undisputed that no written revocation was ever received. The loan was paid down until September 21, 1989, at which time the borrower defaulted on the unpaid balance. Prior to the default, on December 31, 1987, the husband of one of the respondents, who was the president of the borrower corporation, signed a second guarantee as consideration for a second corporate loan. No part of this loan was ever repaid and the bank declared the loan in default on September 21, 1989. Meanwhile, in late 1988, the corporation had filed for bankruptcy, and one of the two officers who had signed the October 3, 1986, guarantees died. On or about November 28, 1989, the instant action was commenced against the corporate president and the respondents, seeking the balances due plus interest from September 21, 1989, and attorneys' fees. In November 1990 the bank moved for summary judgment. In opposing the summary judgment motion, the corporate president submitted an affidavit alleging that prior to December 31, 1987, the corporation received and deposited several checks and the bank allowed the corporation to draw against them before they cleared. When certain of those checks were not paid, a $23,000 overdraft resulted. According to the corporate president, an unidentified bank representative told him that the bank could get into trouble if the overdraft were allowed to continue past the end of the year, and he then agreed to convert the overdraft into a loan, provided that the respondents would not be responsible for that loan. The bank purportedly agreed and a new note and guarantee were executed. In its reply, an officer of the bank stated that he had no knowledge of any overdraft. The court found that triable issues of fact existed. We disagree.

It is well-settled that a continuing guarantee with a no-oral-modification clause is not amenable to oral termination. Parol evidence cannot be used to vary or contradict the express terms of the writing, and no triable issues of fact are created by an alleged oral termination of the guarantee (see, General

Obligations Law § 15-301; *Nanuet Natl. Bank v Rom,* 96 AD2d 898; *Chemical Bank v Wasserman,* 45 AD2d 703, *affd* 37 NY2d 249). The respondents have submitted no evidentiary facts in their defense, but offer only conclusory allegations *(see, Senrow Concessions v Shelton Props.,* 10 NY2d 320). Therefore, summary judgment should have been granted in the plaintiff's favor and against them in the principal sum of $38,887.81. However, the matter must be remitted to the Supreme Court, Nassau County, for a determination of reasonable attorneys' fees. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.