■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator for CROSSLAND FEDERAL SAVINGS BANK, Appellant, v MORDECHAI EISNER, Also Known as MORDECHI EISNER, et al., Respondents. [618 NYS2d 71] —In a mortgage foreclosure action, the plaintiff, the Federal Deposit Insurance Corporation, as conservator for Crossland Federal Savings Bank, appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated November 12, 1992, as denied its motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

When a plaintiff moves for summary judgment, the court may properly look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, would constitute a meritorious defense *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182; *Curry v Mackenzie,* 239 NY 267; *Johnson v Gaughan,* 128 AD2d 756). The defendants have submitted documentary evidence showing that they notified the plaintiff in writing of their election to extend the original March 1, 1991, maturity date of the mortgage for five years, and that the plaintiff had accepted five payments made after that date before returning the defendants' August 1991 payment without explanation.

We find the defendants' submissions to be factual in nature and sufficiently detailed to present triable issues of fact as to

whether the maturity date of the mortgage was extended (see, *Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Flintkote Co. v Bert Bar Holding Corp.,* 114 AD2d 400; *New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767). As for the plaintiff's claim that the defendants failed to lay a proper evidentiary foundation for the introduction of the alleged mortgage extension clause, we note that this issue is unpreserved for appellate review (see, *Telaro v Telaro,* 25 NY2d 433, 439; *Key Bank v Burns,* 162 AD2d 501, 502). Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.