■ PAUL J. GALANTE, Individually and as Parent and Natural Guardian of KAIA GALANTE, and Another, et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. [620 NYS2d 265] —In an action, *inter alia,* to recover damages for malicious prosecution and false arrest, the defendants County of Nassau, Nassau County Police Department, and Nassau County Department of Social Services appeal, (1) as limited by their brief, from so much of an order of the

Supreme Court, Nassau County (Segal, J.), dated May 6, 1993, as granted the branch of the plaintiffs' motion which was to dismiss the first affirmative defense contained in the appellants' answer and, (2) as limited by their brief, from so much of an order of the same court dated July 15, 1993, as granted the branch of the plaintiffs' motion which was to dismiss the first affirmative defense contained in the appellants' amended answer.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellants' contentions, the Supreme Court properly dismissed the first affirmative defense contained in the appellants' answer and amended answer, i.e., that the plaintiffs had failed to serve a notice of claim in compliance with General Municipal Law § 50-e. The record establishes, and the appellants do not contest, that a notice of claim was properly served on January 15, 1993, pursuant to a court order so providing (General Municipal Law § 50-e; *Matter of Callahan v City of New York,* 75 NY2d 899; *Matter of Parco v City of New York,* 160 AD2d 581).

The appellants' contention that the plaintiffs failed to comply with the requirement that an action may not be commenced until at least 30 days have elapsed since the service of the notice of claim is raised for the first time on appeal. Thus, it is unpreserved for appellate review *(Telaro v Telaro,* 25 NY2d 433, 439; *Key Bank v Burns,* 162 AD2d 501, 502; *Empire Indus. Sys. Corp. v Northeastern Bank,* 144 AD2d 429).

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.