■ GLC Securityholder LLC, Appellant, v Goldman, Sachs & Co. et al., Respondents. [905 NYS2d 27]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered March 9, 2010, declaring, inter alia, that the subject notes provide for payment of monthly interest in Canadian dollars, and awarding damages in favor of defendants noteholders and against plaintiff issuer of the notes on account of the latter's payment of interest in U.S. dollars, unanimously affirmed, with costs. Appeal from two orders, same court and Justice, both entered October 14, 2009, which granted defendants' motions for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Within two months after issuance of the notes, all of the original noteholders entered into side agreements with plaintiff that, contrary to the indenture calling for all payments of the notes to be made in Canadian dollars, called for payment in U.S. dollars. After defendants, subsequent purchasers of the notes, demanded payment of the notes' monthly interest in Canadian dollars, plaintiff refused. Although plaintiff argues that one cannot assign greater rights than one has, the question is whether the side agreements "attach[ed]" to the notes (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]). The answer is no. The side agreements, between plaintiff and the original noteholders, could not modify the indenture, which is between plaintiff and the indenture trustee, and provides, in obvious contemplation of a secondary market, that transferees of the notes take them "free from[, i.e., without assignment of] all equities or rights of set-off or counterclaim between [plaintiff] and the original or any intermediate Holder."

Nor does it avail plaintiff either to invoke the rule that agree-

ments executed at about the same time, by the same parties, in the same transaction may be considered a single contract (*see Williams v Mobil Oil Corp.*, 83 AD2d 434, 439 [1981]), or to argue that the sale of the notes to defendants also constituted an assignment of the side agreements to defendants. The sale agreements and side agreements are not between the same parties, the sale agreements make no reference to the side agreements, and the side agreements, unlike the sale agreements, do not purport to be binding on assigns.

There is no merit to plaintiff's argument that the provision of the indenture barring oral modifications authorizes amendments to be made by any writing signed by the party to be charged, e.g., the side agreements. Plaintiff's reading of that provision impermissibly renders nugatory the specific clauses in the indenture governing amendments of the indenture (*see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s.*, 243 AD2d 1, 8 [1998]). Nor could the indenture, an unambiguous, integrated written agreement, be modified by the parties' conduct (*see Union Chelsea Natl. Bank v PGA Mktg.*, 166 AD2d 369 [1990]).

While defendants would be barred by the indenture's "no action" clause from commencing an action to recover payments due on the notes, they are not barred from asserting counterclaims for such relief (*see Local Union No. 38, Sheet Metal Workers' Intl. Assn., AFL-CIO v Pelella*, 350 F3d 73, 82 [2d Cir 2003], *cert denied* 541 US 1086 [2004]). Plaintiff, while noting that the indenture is governed by Ontario law, cites no Ontario authority to the contrary.

In view of the foregoing, we do not reach whether defendants are entitled to judgment by reason of holder in due course status. Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.