■ NATIONAL BANK OF NORTH AMERICA, Appellant, v STADIUM PRODUCTIONS, INC., Defendant, and ALAN COHEN et al., Respondents.—In an action, *inter alia,* upon a promissory instrument, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 3, 1974, which denied its motion for summary judgment against respondents, the individual guarantors of the instrument. Order modified, on the law, by adding thereto, immediately following the word "denied", the following: "as to the second cause of action and granted as to the first cause of action, and the first cause is severed as to the individual defendants, provided, however, that entry of judgment on the first cause shall await an immediate trial as to damages thereon, pursuant to CPLR 3212 (subd [c]), and, more particularly, the proper attorneys' fee allowance." As so modified, order affirmed, with $20 costs and disbursements to appellant. Respondents seek to avoid liability on the ground that their guarantee was effectively terminated prior to the

extension of any credit to defendant Stadium Productions, Inc., the principal. Such termination allegedly occurred upon the delivery of a written termination notice to a branch of the plaintiff bank by a secretary, which notice was left with a secretary of the branch's officers. The guarantee in question provides for termination "only upon written notice to that effect delivered by such Guarantor to the Bank and duly receipted for by it." Assuming that respondents have complied with the delivery requirement, they have not, however, complied with the concomitant requirement that the notice be "duly receipted for by" the bank. Indeed, they do not claim that any such receipt exists or was requested. Nor do they allege an oral waiver of such requirement or a subsequent acknowledgment that the notice was received. Furthermore, respondent Cohen subsequently signed promissory notes for loans, as treasurer of defendant Stadium Productions, Inc., knowing full well that his guarantee had never been returned by the bank. The construction which respondents seek to put upon the language of the guarantee is tortured and would reduce the dual requirement of delivery of written notice and the bank's receipt therefor to a single requirement of due delivery, with receipt being presumed. In this context, a notice "duly receipted for" is *not* equivalent to a notice merely "received". Respondents' claim that the mere delivery of the written notice of termination was effective to terminate their obligations under a further provision which reads, in part, "In the event of termination (whether by such notice, death or *otherwise)"* (emphasis added) is frivolous. Whatever the exact legal meaning is of the phrase "or otherwise", it does not modify the requirements where the guarantors choose to proceed by written notice of termination, the course followed here. Hopkins, Acting P. J., Latham and Christ, JJ., concur; Shapiro, J., dissents and votes to affirm.