■ NATIONAL WESTMINSTER BANK, U.S.A., Formerly NATIONAL BANK OF NORTH AMERICA, Appellant, v JERRY BRONSTEIN, Respondent.—Motion, to the extent it seeks leave to appeal to the Court of Appeals denied, and insofar as it seeks reargument granted to the extent of recalling and vacating the order of this court entered on February 8, 1990 (158 AD2d 311), and the accompanying memorandum decision, and substituting therefor a new order, and memorandum decision released simultaneously herewith, as follows: Order, Supreme Court, New York County (David H. Edwards, J.), entered July 13, 1989, which denied plaintiff's motion for summary judgment, reversed, on the law, and the motion is granted to the extent of awarding plaintiff judgment in the amount of $1,480,000 and severing its claims for interest at its prime rate and the reasonable value of its attorney's services, with costs.

In this action on a continuing guarantee, plaintiff bank's motion for summary judgment was denied by IAS on the ground that an issue of fact exists as to whether the guarantee was terminated before the $1.5 million in liabilities sued upon herein were incurred. The guarantee states that it can be terminated by defendant guarantor upon "written notice delivered to the Bank and duly receipted for by it." In opposition to plaintiff's motion for summary judgment, and in order to show that the guarantee had been terminated, defendant submitted a copy of the letter he says he "sent" to his loan officer with plaintiff, confirming that his corporate principal's loan balance with plaintiff had been paid, and requesting that the guarantee be "destroyed". Defendant's affidavit then stated that he spoke to the loan officer, who assured him that the guarantee "would be destroyed". In reply, the loan officer denied receipt of any such letter. IAS denied plaintiff's motion for summary judgment in view of "[t]he contradictory averments concerning the transmittal of a notice of termination". On appeal, plaintiff argues that even if it were assumed that

defendant did send such a letter, still summary judgment should have been granted since defendant failed to come forward with proof of the letter having been "duly receipted for" by plaintiff as required by the guarantee. Defendant responds that the guarantee is ambiguous as to whether the acknowledgment of receipt had to be in writing or could be communicated orally, and further argues that if a writing was required, then the word "written" should have been inserted between the words "duly" and "receipted", just as the word "written" was used in the guarantee to describe the notice of termination.

We agree with plaintiff that the words "duly receipted for" can only mean a written acknowledgment. A construction to the contrary "would reduce the dual requirement of delivery of written notice and the bank's receipt therefor to a single requirement of due delivery, with receipt being presumed." *(National Bank v Stadium Prods.,* 47 AD2d 847, 848, *appeals dismissed* 36 NY2d 869.) There being no claim that a receipt exists, it being defendant's position that an oral acknowledgment of receipt was sufficient, summary judgment should have been granted. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.