■ MERCHANTS BANK OF NEW YORK, Appellant, v MAX KLUGER et al., Respondents. [634 NYS2d 467] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 25, 1994, which denied the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, unanimously reversed, on the law, and plaintiff's motion for summary judgment pursuant to CPLR 3213 granted, with costs. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $153,241.73 plus interest and costs.

In May 1987, each defendant executed a written guarantee of the payment of all liabilities of K&K Craftsmen Inc. It is not disputed that the guarantees were continuing, applicable to after-acquired obligations and unconditional. Pursuant to the terms of the documents, defendants could terminate their obligations "only upon written notice to that effect delivered by the undersigned to the Bank and duly receipted for by it." Defendants in the trial court relied exclusively upon parol evidence to demonstrate that the guarantees had in effect been terminated by virtue of the severance by the defendants of any connection with K&K Craftsmen, allegedly with the knowledge of the plaintiff, three years prior to both the execution of the promissory note sued upon and transfer of the funds here in question to K&K Craftsmen Inc. In addition to pleading a lack of receipt of any consideration in connection with the guarantees, defendants also represent that they received oral confirmation from a bank employee, with whom the defendants had substantial dealings, that the guarantees had been cancelled.

The law is clear that where a guarantee is continuing, applicable to after-acquired obligations and terminable only by writing, it may not be said to have terminated by cessation of what one party may have regarded as a business relationship (*Chemical Bank v Sepler*, 60 NY2d 289, 294). Unless the parties to a continuing guarantee provide otherwise in writing, such a guarantee is not limited to the life of the loans executed in connection therewith and generally cannot expire by mere conduct, change of circumstances, or lapse of time *(supra)*. Moreover, the alleged oral assurance by a bank employee that the guarantees were terminated did not operate to terminate the defendants' obligations and does not give rise to a triable issue of fact in these circumstances (*Chemical Bank v Wasserman*, 45 AD2d 703, *affd* 37 NY2d 249). This would remain the case even if the plaintiff bank had obtained new guarantees in connection with the subsequent loan *(supra)*. In addition, the requirement of the guarantee that written notice be "duly

receipted for" by the bank precludes reliance on such oral assurances (*see, National Westminster Bank v Bronstein*, 163 AD2d 164).

Defendants' argument that another mode of termination is contemplated by subsequent parenthetical language in the guarantee reciting that in the event of proper termination of the guarantee, "whether by such notice, death or otherwise", the defendants would remain liable for all obligations created or arising up to the time of such termination, is completely unavailing. The language, contained in parentheses after the words "in the event of such termination" where the word "such" refers to termination by guarantor through written notice duly receipted for, cannot be interpreted as nullifying the writing and receipt requirement and can only refer to termination of the guarantee by the bank itself. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.