■ FLEET NATIONAL BANK, Respondent, v ZONA, INC., Defendant, and Francis R. Sagar, Appellant. [753 NYS2d 137] —In an action, inter alia, to recover on a promissory note, the defendant Francis Reiss Sagar appeals from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 1, 2001, which, inter alia, denied her motion for summary judgment dismissing the complaint insofar as asserted against her and granted the plaintiff's cross motion for summary judgment against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Francis Reiss Sagar (hereinafter the appellant) seeks to avoid liability on her guaranty on the ground that it was effectively terminated prior to the extension of a secured interest-bearing note made by the defendant Zona, Inc. The termination of the guaranty allegedly occurred when the appellant provided verbal and written notice to the plaintiff bank's predecessor in interest. The guaranty in question provided that it "may be terminated with respect to obligations of any of the guarantors but then only so far as it relates to Liabilities arising after such termination only upon written notice to that effect delivered by such Guarantor to the Bank and duly receipted for by it."

"[T]he words 'duly receipted for' can only mean a written acknowledgment" (National Westminster Bank, U.S.A. v Bronstein, 163 AD2d 164, 165). Assuming that the appellant complied with the delivery requirement, she has not, "however, complied with the concomitant requirement that the notice be 'duly receipted for by' the bank" (National Bank of N. Am. v Stadium Prods., 47 AD2d 847, 848). As there is no claim that a receipt exists, since it is the appellant's position that delivery

was sufficient, summary judgment was properly granted in the plaintiff bank's favor. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.