112 West 34th Street Associates L.L.C., Respondent, v 112-1400 Trade Properties LLC, Appellant. [988 NYS2d 159]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 19, 2013, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff's motion for summary judgment as sought a declaration on the first cause of action in the amended and supplemental complaint, and declared that plaintiff effectively renewed the lease between the parties through noon on June 10, 2077, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 4, 2013, and from the corresponding so-ordered transcript, entered June 20, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In 1963, plaintiff's predecessors-in-interest, as lessee, and defendant's predecessor-in-interest, as lessor, entered into a lease of certain property with an initial term of 30 years and, at the lessee's option, eight renewal terms of 10 or 11 years each, through June 10, 2077. The lease provided that at any time, lessee could renew for one or more of the renewal terms so long as lessee provided written notice to lessor at least two years before expiration of the then-current term.

Section 20.03 of the lease further provided that, "[i]n the event that any default shall have occurred of which Lessor shall have given notice to Lessee, which shall not have been cured and which shall not then be in the process of being cured with due diligence and in good faith by Lessee . . . within the time or times permitted by this Lease, the attempted exercise by Lessee . . . of any option to renew this Lease shall not become effective, nor shall any such renewal term be created, if any such default shall exist on the purported commencement date of any such renewal term."

The second clause of section 20.03 states that a renewal term will not be created if there exists at the commencement of the renewal term "any such default," which refers back to the previously specified default in the first clause (i.e., any default that has occurred and of which lessor has given notice, which is still outstanding and not in the process of being cured at the time lessee exercises its renewal option) (*see Patrolmen's Benevolent Assn. of City of N.Y., Inc. v City of New York*, 46 AD3d 378, 380 [1st Dept 2007]; *Merchants Bank of N.Y. v Kluger*, 221 AD2d 289, 290 [1st Dept 1995], *lv denied* 88 NY2d 807 [1996]).

Plaintiff was not in default when it exercised its renewal option for all remaining renewal terms. Therefore, its renewal is valid, regardless of whether a subsequent default is present at the commencement of any renewal term. Contrary to defendant's assertion that this interpretation of section 20.03 permits each renewal term to commence even if plaintiff is in default, article 19 of the lease provides for remedies if plaintiff is in default, including termination of the lease upon 15 days' notice.

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.