■ BANK OF NEW YORK, Appellant, v PROGRESSIVE PHONE SYSTEMS, INC., et al., Defendants, and STANLEY WEIDAN et al., Respondents.—In an action based upon promissory notes and written guarantees, the appeal is from so

much of an order of the Supreme Court, Nassau County, dated February 22, 1979, as denied the branch of plaintiff's motion which sought summary judgment against defendants Stanley Weidan and Antonio Cifarelli. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the branch of plaintiff's motion which sought summary judgment as against defendants Stanley Weidan and Antonio Cifarelli is granted. Between October, 1977 and January, 1978, the appellant bank extended four loans, totaling $125,000, to defendant Progressive Phone Systems, Inc. (Progressive). Sometime before these loans were made, respondents, Stanley Weidan and Antonio Cifarelli, in consideration of loans made or to be made by appellant to Progressive, had executed written guarantees of payment. By its terms, each guarantee provided that it was continuing in nature and that it remained binding upon the guarantor until the bank received written notice of termination. Progressive subsequently defaulted on its loans and appellant instituted the present action. In opposition to appellant's motion for summary judgment, respondent Weidan relied on the fact that more than a year before the loans in question were made, he orally notified one of appellant's officers that he wished his guarantee to be terminated and that the officer acknowledged and accepted the termination on behalf of appellant. Respondent Cifarelli relied upon an oral termination of his guarantee by several of appellant's officers. Cifarelli further argued in opposition to the motion that if for some reason it is construed that his personal guarantee is applicable, that said officers intentionally defrauded him and that he would have taken the necessary steps to terminate his guarantee had the officers not told him that the guarantee no longer applied. Summary judgment should have been granted against respondent Weidan. Under subdivisions 1 and 4 of section 15-301 of the General Obligations Law, Weidan's alleged oral notice and appellant's alleged oral waiver of written notice were ineffective to terminate the written guarantee which specifically provided that it could not be terminated unless such termination was communicated to appellant in writing (see *Chemical Bank v Wasserman,* 37 NY2d 249). The claim of oral termination by respondent Cifarelli is similarly insufficient to defeat the motion for summary judgment. In addition, we do not find a triable issue of fact to have been created by the allegation of fraud contained in Cifarelli's affidavit in opposition to the motion. Cifarelli did not therein specify which of appellant's officers he had spoken with; further, his claim of fraud is merely conclusory in nature. General conclusory allegations which contain no specific factual references cannot defeat a motion for summary judgment where the movant's papers make out a prima facie basis for the grant of the motion (see *Freedman v Chemical Constr. Corp.,* 43 NY2d 260; see, also, Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 3212:16, pp 436-437). O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.