■ WILLIAM C. DORAN et al., Respondents, v MUTUAL BENEFIT LIFE INSURANCE COMPANY et al., Appellants, et al., Defendant. — In an action to recover premiums paid for life insurance policies and for punitive damages, the appeal is from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 30, 1983, which denied appellants' motion for summary judgment as to them.

Order reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, appellants' motion for summary judgment granted, and complaint dismissed as to them.

On May 14, 1980, plaintiffs were issued two Mutual Benefit life insurance policies. The policies were delivered to their agent, defendant Chernoff, before June 19, 1980. Plaintiffs paid the premiums for the first year's coverage on July 23, 1980. In

April, 1981, plaintiffs paid the premium for the second year's coverage. Plaintiffs allege that despite repeated demands the policies were not delivered to them until October, 1981 and that "[i]mmediately upon reviewing the policies, [they] wrote [their] letter seeking cancellation of the policies". Plaintiffs claim that they are entitled to a refund of the two years' premiums they paid because a provision in the policies states: "This policy may be canceled by written request to the Company or its agent within 10 days after delivery of the policy. The amount of any premiums paid will then be refunded and no policy and no insurance will be effective as of the issue date". Plaintiffs also claim that defendants Mayer, Meyer and Chernoff, Bernard Mayer and Alexander Chernoff were negligent in their handling of plaintiffs' policies and that defendant Chernoff fraudulently represented to defendant Mutual Benefit Life Insurance Company that he delivered the policies to plaintiffs on July 23, 1980 when, in fact, he had not.

In support of their motion for summary judgment, appellants presented uncontroverted evidence of actions taken by plaintiffs which reveal that plaintiffs acted, at all times prior to their notice of cancellation, consistent with the issuance and existence of the policies. Plaintiffs signed owner's authorizations and executed policy settlement requests. Their second-year premium payments were paid partly by dividends earned from the policies, partly by loans against the policies, and partly by cash.

"A party in opposition to [a motion for summary judgment] must assemble and lay bare affirmative proof to establish that genuine material issues of fact exist" (*Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 794). "[O]nly the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

Plaintiffs have not shown that any genuine, material issues of fact exist so as to preclude a granting of appellants' motion for summary judgment. Their complaint is based only on conclusory allegations. Also, the affidavits submitted in opposition to the motion for summary judgment contain no factual allegations sufficient to create a triable issue.

"General conclusory allegations which contain no specific factual references cannot defeat a motion for summary judgment where the movant's papers make out a prima facie basis for the grant of the motion" (*Bank of New York v Progressive Phone Systems,* 71 AD2d 1010, 1011).

Appellants' motion for summary judgment is supported by evidence that plaintiffs' uncontroverted actions were done under their assumption that valid insurance policies were in effect. Plaintiffs have not set forth any evidentiary facts in opposition. Therefore, Special Term's order denying the motion for summary judgment should be reversed, and summary judgment should be granted in favor of all appellants. Titone, J. P., Mangano, Brown and Rubin, JJ., concur.