■ GARY COLBY, Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent, et al., Defendant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (White, J.), entered May 20, 1985 in Essex County, which, *inter alia,* denied plaintiff's cross motion for summary judgment and declared that defendant St. Paul Fire and Marine Insurance Company is not liable to plaintiff.

The basic facts of the underlying dispute are as follows. Plaintiff was employed by American Forest Products Corporation (American) as a truck driver. He was injured in a motor vehicle accident on December 21, 1982 while operating a tractor trailer owned by T. J. Vesce, Inc. (Vesce) and leased by American. American was insured by defendant St. Paul Fire and Marine Insurance Company (St. Paul). Plaintiff sued the owner and operator of the other vehicle, Sidney Ward, the Ward Lumber Company and Vesce. He secured a default judgment against Vesce for $365,000.

It is plaintiff's contention in this declaratory judgment action that St. Paul is liable to plaintiff for the judgment

secured against Vesce. Plaintiff's theory of recovery is based on his contention that the true insured under St. Paul's insurance contract with American continues to be Vesce. This is based on the intertwined history of the two corporations. The policy by St. Paul originally ran to Vesce but, on February 1, 1982, the name on the policy was amended to cover American. American was founded on February 10, 1981 by Andrew Halloran, and Vesce was founded by Joseph Vesce on April 13, 1973. Both corporations shared the same principal place of business. Shortly after St. Paul's policy became effective, on January 26, 1982, American changed its name to Vesce through amendment of its certificate of incorporation. Vesce concurrently amended its certificate to become American. Both corporations continued to be located at the same place of business. It is based on these facts that plaintiff's theory of his right to indemnification is grounded.

We find no basis for plaintiff's assumption that the original Vesce (now American) continues as the insured under St. Paul's policy. The two corporations lawfully changed their names pursuant to Business Corporation Law § 805. There is no evidence of fraud or any other rationale offered to justify piercing the corporate veil and to justify disregard of the corporate names. This policy must be construed according to its plain meaning, that is, that the insurance contract runs to American. Using plaintiff's tortured theory that if Vesce (now American) were found covered, plaintiff would nonetheless be foreclosed from recovery because the insurance contract excludes from coverage bodily injury to the insured's employee, whose sole recourse is under the Workers' Compensation Law. Plaintiff admits that he is American's employee, thus foreclosing his entitlement under the insurance contract running to American.

Plaintiff grounds his other basis for recovery on part IV (D) (2) of the insurance contract, which reads, "Anyone else is an insured while using with your permission a covered auto you own, hire or borrow". Plaintiff urges that this means that Vesce is an insured because the vehicle was hired by American, the named insured and the "you" referred to in the policy. Special Term correctly concluded that the plain meaning of the clause covers Vesce only if Vesce was using an auto owned, borrowed or hired by American. Such was not the case here because American's employee, plaintiff, was using the auto and not Vesce.

We find no merit to the other contentions raised by plaintiff. The question of whether the St. Paul policy is primary or

excess coverage is irrelevant in that we concur with the conclusion that Vesce was not an insured under the policy.

Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.