■ NORSTAR BANK OF LONG ISLAND, Appellant, v PROMPT PROCESS SERVICE, INC., et al., Defendants, and JOSEPH BOLAND, Respondent.—In an action upon a promissory note and upon a guarantee of payment thereof plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated August 2, 1984, as amended October 18, 1984, as denied that branch of its cross motion which was for summary judgment against defendant Joseph Boland.

Order, as amended, reversed insofar as appealed from, on the law, with costs, that branch of plaintiff's cross motion which was for summary judgment against defendant Joseph Boland granted, and matter remitted to the Supreme Court, Suffolk County, for a hearing to determine plaintiff's claim for counsel fees against Joseph Boland.

On December 2, 1981, defendant Joseph Boland, and two others, executed a guarantee of payment agreement in connection with a loan made by plaintiff to the corporate defendant, Prompt Process Service, Inc. Thereafter, on September 29, 1982, the corporate defendant gave a promissory note to plaintiff in connection with a further loan. Following a default

on the scheduled payments on this note, plaintiff accelerated the balance due and, upon a failure of payment, commenced this action. All of the defendants, with the exception of Joseph Boland, defaulted in the action and judgment was granted against them. Defendant Joseph Boland moved for summary judgment in his favor on the ground that his obligation under the guarantee agreement terminated upon the repayment of the initial loan by plaintiff to the corporate defendant. Plaintiff cross-moved for summary judgment, arguing, *inter alia,* that Joseph Boland continued to be obligated for the corporate defendant's debts. Special Term denied Joseph Boland's motion, and that branch of plaintiff's motion which sought summary judgment against him, finding that questions of fact existed as to, *inter alia,* the claimed unconscionability of the guarantee agreement.

The language of the guarantee agreement is unconditional and unlimited and clearly anticipates further extensions of credit to the corporate defendant *(see, National Bank v Dogwood Constr. Corp.,* 47 AD2d 848). In the face of the clear and unambiguous language of the guarantee agreement, defendant Joseph Boland is precluded from introducing extrinsic evidence of the parties' intent to diminish his obligation under the guarantee agreement and to contradict its terms *(see, General Phoenix Corp. v Cabot,* 300 NY 87). Further, the claimed oral termination of the guarantee agreement is without effect. The agreement specifically provides that it can only be revoked by a writing, and, therefore, until properly revoked, defendant Joseph Boland continued to remain legally obligated as a guarantor *(see, Chemical Bank v Wasserman,* 37 NY2d 249; *National Bank v Dogwood Constr. Corp., supra).* Further, we find no material facts which would indicate that the guarantee agreement was unconscionable. A hearing should be held on the issue of plaintiff's claim for counsel fees against Joseph Boland. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.