(May 19, 1986)

■ ANN ARCHAMBAULT, Appellant, v LOUIS MARTINEZ et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Ruskin, J.), dated March 18, 1985, as granted a cross motion by the defendants Louis and Filomena Martinez for summary judgment dismissing the complaint as to them.

Order affirmed, insofar as appealed from, with costs.

The plaintiff commenced this action alleging that she was injured when she fell over an accumulation of snow and ice in front of a house owned by Louis and Filomena Martinez (hereafter the defendants). The plaintiff claims that the defendants removed snow and ice in a improper manner. The defendants cross-moved for summary judgment relying on the fact that at the plaintiff's examination before trial she had testified only as to snow and ice removal which occurred *after* the accident. The plaintiff had not testified that the defendants had removed snow and ice before her fall. In opposition to the cross motion the plaintiff relied on the bald allegations of negligence set forth in her bill of particulars.

In opposition to a motion for summary judgment a party must assemble and lay bare affirmative proof to establish that genuine material issues of fact exist. Only the existence of a bona fide issue raised by evidentiary fact rather than one

based on conclusory or irrelevant allegations, will be sufficient to defeat a motion for summary judgment where the movant has made out a prima facie basis for the granting of the motion *(Doran v Mutual Benefit Life Ins. Co.,* 106 AD2d 540, 541).

Here, the defendants' cross motion for summary judgment was supported by the plaintiff's own examination before trial during which she testified that she was only aware of snow and ice removal which occurred after the accident. The plaintiff did not set forth any evidentiary facts in her opposing papers. Therefore, Special Term correctly granted the cross motion.

After the cross motion was granted, the plaintiff moved for reargument alleging that she had witnesses who would testify that one of the defendants had attempted to clear the sidewalk before the accident. However, that claim is not properly before this court since the motion to reargue was denied and no appeal lies from an order denying such a motion. In any event, even if the claim could be considered, the defendants would be entitled to summary judgment. By failing to submit an affidavit by any of the witnesses, the plaintiff still has failed to set forth factual allegations sufficient to create a triable issue which would defeat the defendants' cross motion to dismiss the complaint as against them. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.