■ CATHERINE CICILESS et al., Respondents, v JULES V. LANE et al., Appellants.—In an action to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), entered August 7, 1986, which denied their motion for partial summary judgment dismissing as time barred all claims based upon alleged dental malpractice which occurred prior to March 1982.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiffs' contention that the intermittent treatment of Mrs. Ciciless by the defendant Dr. Rothman, which was rendered over a period of approximately eight years and which consisted of disparate procedures on different teeth performed after substantial time gaps, constitutes continuous treatment is unsupported by the record. The plaintiffs have failed to sustain their burden of establishing the continuous nature of the later treatment *(Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 380; *Connell v Hayden,* 83 AD2d 30, 39). In contrast, the treating dentist meticulously differentiated which specific conditions were being treated on each of Mrs. Ciciless's office visits. Under the circumstances, the patient's continued office visits indicate a mere resumption of treatment rather than a continuation of a course of dental treatment *(see, Barrella v Richmond Mem. Hosp., supra,* at 384). While the mere existence of a hiatus between office visits does not, as a matter of law, preclude a finding of continuous treatment *(Levy v Schnader,* 96 AD2d 854; *Fonda v Paulsen,* 46 AD2d 540), the independent nature of the respective treatments afforded in this case renders it inappropriate to invoke the continuous treatment doctrine *(see, McDermott v Torre,* 56 NY2d 399, 405-406; *Grellet v City of New York,* 118 AD2d 141, 147).

In view of the plaintiffs' failure to assemble and lay bare affirmative proof to establish the existence of genuine material issues of fact on which their claim is based *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Archambault v Martinez,* 120 AD2d 632, 633), it was error to have denied the defendants' motion for partial summary judgment. Inasmuch as the acts complained of were committed prior to the effective date of the amendments to CPLR 214 (6) and 214-a

imposing a 2½ year Statute of Limitations on actions for dental malpractice (L 1985, ch 760, §§ 2, 10), the instant action is governed by a three-year Statute of Limitations. Accordingly, all claims predicated upon alleged dental malpractice which occurred prior to March 1982 are time barred. Lawrence, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.