■ MARINE MIDLAND BANK, N. A., Appellant, v BOB DAUBNEY BOWLING ENTERPRISES, INC., et al., Defendants, and MORRIS CRAMER, Respondent.—Order unanimously reversed on the law without costs and plaintiff's motion granted. Memorandum: In December 1981 the bank extended a loan to Cardoray Corporation which was guaranteed by defendant Morris Cramer. The guarantee was unconditional, absolute and continuing in nature and covered not only the 1981 indebtedness but any subsequent indebtedness of the corporation to the bank. Pursuant to its terms, the guarantee could not be changed by oral agreement and any modification, to be effective, was to be in writing signed by a duly authorized officer of the bank. Termination of the guarantee could be effected only upon written notice of discontinuance by the guarantor to the appropriate officer of the bank.

In August 1982 Cramer sold his stock in Cardoray to Bob Daubney Bowling Enterprises, Inc., the principal of which executed a guarantee covering all present and future loans by the bank to Cardoray. The corporation subsequently defaulted in payment and the bank instituted this action on the guarantee.

Cramer concedes that he did not give written notice of discontinuance to the bank to terminate his liability under the guarantee. However, he contends that his guarantee was orally terminated by an officer of the bank in August 1982. The alleged oral agreement cannot operate to terminate Cramer's obligation. A written guarantee which specifically provides that it can be terminated only upon written notice cannot be waived except in writing signed by the person against whom enforcement of the waiver is sought (General Obligations Law § 15-301 [4]) and the terms of the guarantee cannot be modified except by written agreement signed by the

party against whom the change is sought to be enforced (General Obligations Law § 15-301 [1]; *Chemical Bank v Wasserman,* 37 NY2d 249, 252; *Nanuet Natl. Bank v Rom,* 96 AD2d 898; *Central Trust Co. v Bagliore,* 78 AD2d 764; *Manufacturers Hanover Trust Co. v Trans Natl. Communications,* 36 AD2d 709). The circumstance that the bank obtained an additional guarantee from Bob Daubney Bowling Enterprises, Inc. does not extinguish the initial obligation of Cramer absent a writing to that effect *(see, Chemical Bank v Wasserman, supra).*

Although leave to serve amended pleadings is to be freely given (CPLR 3025 [b]), Special Term erred in granting Cramer's motion because the proposed affirmative defense was "so palpably invalid" that granting leave to plead it was inappropriate *(Holland Am. Cruises v Carver Fed. Sav. & Loan Assn.,* 60 AD2d 545). Pursuant to the guarantee, Cramer expressly agreed that his obligation thereunder would not be affected by a loss or change in priority of the bank's security interest. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.