(March 5, 1990)

■ BANK OF NEW YORK, Appellant, v ALFONSO LoFASO, Respondent, et al., Defendant.—In an action to recover on a note and guarantee, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered January 11, 1989, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment is granted.

In 1985, the defendant Alfonso LoFaso executed an unconditional and continuing guarantee which, by its unambiguous

terms, prohibited change or termination except by writing. LoFaso agreed to guarantee payment of any present or future liability running to the plaintiff's predecessor from a corporation of which he was then principal. LoFaso also irrevocably consented to any renewals or extensions of those liabilities. In 1986, LoFaso sold his stock to the defendant Edward Gross, who several months thereafter executed a similar personal guarantee, and, in his new corporate capacity, a note which, the parties agree, superseded a note executed by LoFaso in 1985 as an officer of the corporation.

LoFaso's claims that a bank representative orally terminated his guarantee when the superseding note was executed and that the superseding note constituted a "novation" of his guarantee are insufficient to defeat his liability pursuant to the written instrument (see, General Obligations Law § 15-301 [1], [4]; see also, Chemical Bank v Wasserman, 37 NY2d 249; Marine Midland Bank v Daubney Bowling Enters., 136 AD2d 963; Norstar Bank v Prompt Process Serv., 117 AD2d 589).

We note, finally, that there is no evidentiary support for the second affirmative defense, which is grounded in fraudulent misrepresentation, a defense LoFaso does not press on appeal. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.