■ MARINE MIDLAND BANK, N. A., Respondent, v DINO & ARTIE'S AUTOMATIC TRANSMISSION Co. et al., Defendants, and ARTURO DEFEO, Appellant.—In an action to recover upon a note executed by the corporate defendant and an unlimited continuing guarantee executed by the defendant Arturo Defeo, the defendant Arturo Defeo appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered July 13, 1988, which, upon granting the plaintiff's motion for summary judgment in an order of the same court entered June 28, 1988, is in favor of the plaintiff and against the appellant in the sum of $16,896.42.

Ordered that the judgment is affirmed, without costs or disbursements.

It is well settled that "the drastic remedy of summary judgment is appropriate only where a thorough examination of the merits clearly demonstrates the absence of any triable issues of fact" *(Piccirillo v Piccirillo,* 156 AD2d 748, 750; *Hantz v Fishman,* 155 AD2d 415, 416). Moreover, the parties' competing contentions must be viewed "in a light most favorable to the party opposing the motion" *(Lakeside Constr. v Depew & Schetter Agency,* 154 AD2d 513, 514-515).

In the instant case, the appellant neither denied execution of an unlimited continuing guarantee nor claimed that he ever gave written notice of termination which the guarantee required. The claimed oral termination of the guarantee is without legal effect. Inasmuch as the guarantee specifically provided that it could only be revoked by a writing, the appellant continued to remain legally obligated as guarantor, absent a proper revocation *(see, Norstar Bank v Prompt Process Serv.,* 117 AD2d 589, 590).

The appellant's claim that the conduct of the bank's employees induced substantial reliance upon the alleged oral modification of the guarantee is unsupported by the record. "General conclusory allegations which contain no specific factual references cannot defeat a motion for summary judg-

ment where the movant's papers make out a prima facie basis for the grant of the motion" *(Bank of N. Y. v Progressive Phone Sys.,* 71 AD2d 1010, 1011). Nor may the appellant avoid liability by claiming that he failed to read the guarantee *(see, Scarsdale Natl. Bank & Trust Co. v S.E.W. Prods.,* 151 AD2d 657). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.