■ EXTEBANK, Respondent, v PAUL ZIEGLER et al., Defendants, and EILEEN ZIEGLER, Appellant. [615 NYS2d 419] —In an action, *inter alia,* to recover money under two guarantees, the defendant Eileen Ziegler appeals from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered January 25, 1993, as upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against her in the principal sum of $750,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is well settled that summary judgment is appropriate only where a thorough examination of the merits clearly demonstrates the absence of any triable issues of fact *(see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610). In the instant case, the appellant neither denied having executed an unlimited continuing guarantee nor claimed that she gave written notice of its termination *(see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co., supra,* at 610). While she does claim that the guarantee was orally modified, the guarantee specifically provided that it could only be revoked by a writing. Thus the appellant continued to remain legally obligated as a guarantor, absent proper revocation *(see, Chemical Bank v Sepler,* 60 NY2d 289, 294; *Chemical Bank v Wasserman,* 37 NY2d 249, 252; *Bank of N. Y. v Kranis,* 189 AD2d 741; *Bank of N. Y. v LoFaso,* 159 AD2d 475; *Norstar Bank v Prompt Process Serv.,* 117 AD2d 589, 590).

Nor do the facts justify the application of the doctrine of estoppel, as there is no evidence that the bank assured either the appellant or any of her co-guarantors that the guarantee was no longer in effect, despite its request for additional

guarantees *(see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610, 610-611, *supra; Nanuet Natl. Bank v Rom,* 96 AD2d 898).

We have reviewed the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.