■ UNITED ORIENT BANK, Respondent, v BAO LEE et al., Appellants. [637 NYS2d 96] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 21, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment, and judgment of the same court and Justice entered thereon on October 27, 1994 in the sum of $488,252.75, unanimously affirmed, with costs.

The IAS Court properly granted plaintiff summary judgment on the guarantees as defendants failed to present evidence warranting a trial (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). As the guarantees contained waivers of all defenses other than payment, defendants were precluded from asserting claims of release (see, *Citibank v Plapinger*, 66 NY2d 90). Even if such defense had not been waived, the claim that defendant Chow's guarantee was given to release defendant Lee from his guarantee was barred by the parol evidence rule since the terms of the guarantee were not ambiguous (see, *Namad v Salomon, Inc.*, 74 NY2d 751, 753) and reflected no such intent. Nor was the Chow guarantee a novation which discharged Lee's obligation, since the continuing guarantee expressly provided that it could not be modified or discharged without a writing and no such writing existed (see, *Chemical Bank v Sepler*, 60 NY2d 289, 294; *Marine Midland Bank v Daubney Bowling Enters.*, 136 AD2d 963, 963-964, *lv denied* 72 NY2d 810). Finally, no evidentiary proof was presented supporting a claim of a $49,788.49 payment on the loan. Concur—Rosenberger, J. P. ,Wallach, Nardelli and Williams, JJ.