■ GENERAL ELECTRIC CAPITAL CORPORATION, Respondent, v A-DRIVE CORPORATION, Defendant, and TRANSLEISURE CORPORATION, Appellant. [650 NYS2d 583] —In an action, *inter alia,* to enforce a guarantee, the defendant Transleisure Corporation appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 29, 1995, as granted that branch of the plaintiff's motion which was for summary judgment against it, and denied its cross motion to dismiss the complaint insofar as asserted against it, and (2) from an order and judgment (one paper) of the same court, dated November 9, 1995, which upon reiterating the above relief, is in favor of the plaintiff and against it in the principal sum of $200,000.

Ordered that the appeal from the order dated September 29, 1995, is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

At issue is the enforceability of an unconditional continuing guarantee executed by the appellant Transleisure Corporation (hereinafter Transleisure). The guarantee contained a provision requiring that all modifications be in writing and signed by a duly-authorized officer of the plaintiff's predecessor-in-interest. We agree with the motion court that no legally enforceable release from the guarantee was given to Transleisure (*see,* General Obligations Law § 15-301 [2]; *see generally, Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610). Specifically, a letter written by a Senior Vice President of the plaintiff's predecessor-in-interest did not constitute or effect a release of Transleisure's obligations under its guarantee, notwithstanding its claims to the contrary. Accordingly, summary judgment was properly granted as against Transleisure (*see, e.g., Extebank v Ziegler,* 207 AD2d 327).

It light of our conclusion, we need not address the additional claims of the parties. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.