■ Board of Managers of Windridge Condominiums One et al., Respondents, v Sadie Horn et al., Appellants. [651 NYS2d 326] —In an action to foreclose on a condominium unit for nonpayment of common charges, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (DiBlasi, J.), dated June 26, 1995, as granted the plaintiffs' motion for summary judgment and to dismiss the defendants' affirmative defenses and counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to foreclose on a unit of a condominium complex owned by the defendant Sadie Horn due to her failure to pay common charges. Pursuant to the bylaws of the condominium complex, these unpaid common charges constituted a lien against the unit. The defendants answered the complaint and interposed various affirmative defenses and counterclaims. The plaintiffs moved for summary judgment, and for dismissal of the defendants' affirmative defenses and counterclaims on the ground of res judicata. The Supreme Court granted the plaintiffs' motion and we now affirm.

In response to the prima facie case of nonpayment established by the plaintiffs on their motion for summary judgment, the defendants failed to proffer evidence sufficient to raise a triable issue that payments of common charges had in fact been made or tendered. Accordingly, the Supreme Court properly granted the plaintiffs judgment as a matter of law on their complaint *(see, Bank of N. Y. v Progressive Phone Sys.,* 71 AD2d 1010).

Further, the court properly granted the plaintiffs' motion to dismiss the defendants' affirmative defenses and counterclaims. The doctrine of res judicata, or claim preclusion, provides that, "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessar-

ily decided therein in any subsequent action" *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *see also, Matter of Reilly v Reid,* 45 NY2d 24; 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5011.07, 5011.08). Further, under the "transactional analysis" approach adopted by the Court of Appeals, the doctrine of res judicata also operates to preclude the litigation of matters that could have or should have been raised in a prior proceeding arising from the same, "factual grouping", "transaction", or "series of transactions" *(Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193; *see also, Matter of Reilly v Reid,* 45 NY2d 24, *supra; Koether v Generalow,* 213 AD2d 379). Here, scrutiny of the defendants' counterclaims reveals that, under a "transactional analysis" approach, they were properly dismissed on the ground of res judicata based on a prior proceeding between the parties that was dismissed on the merits *(see, Parker v Hoefer,* 2 NY2d 612, *cert denied* 355 US 833). Thus, the counterclaims do not provide a basis upon which to grant relief or to defend against the foreclosure action. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.