■ APPLE BANK FOR SAVINGS, Respondent-Appellant, v ARIES STRIPING, INC., et al., Appellants-Respondents. [658 NYS2d 682] —In an action, *inter alia*, to recover money under certain guarantees, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated June 10, 1996, which, *inter alia*, denied their motion for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment to the extent of awarding the plaintiff summary judgment on the issue of liability, and the plaintiff cross-appeals from so much of the same order, as denied those branches of its motion which were for summary judgment on damages under its first, second, fourth, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the plaintiff's motion which were for summary judgment on damages under the first, second, fourth, and fifth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing as to the amount of attorney's fees which the plaintiff is entitled to recover on its third and sixth causes of action and for entry of an appropriate judgment.

In 1988 the defendants Traffic Safety, Inc. (hereinafter Traffic Safety), N.Y.S.S., Inc. (hereinafter NYSS), and Joseph Ghiseline (hereinafter Ghiseline) executed guarantees, which, among other things, irrevocably and unconditionally guaranteed the plaintiff Apple Bank for Savings (hereinafter the bank) payment on all existing loans or future incurred loans or notes of the defendant Aries Striping, Inc. (hereinafter Aries). In 1991 Aries, Traffic Safety, and NYSS executed security agreements, which, among other things, granted the bank a security interest in their accounts receivable, as security on any existing loans or future incurred loans or notes issued to Aries. The guarantees and security agreements provided that any modification or waiver could only be accomplished in writing. In 1993 the bank loaned Aries $200,000 pursuant to a "term loan note and security agreement" which Aries executed. Aries, thereafter, defaulted upon the loan. The plaintiff brought this action to enforce the 1993 term loan note and security agreement, the 1991 security agreements, and the 1988 guarantees.

It is well settled that a guarantee that is continuing and applicable to future incurred obligations and that may be terminated or modified only in writing is enforceable until otherwise terminated or modified in writing. It cannot expire by mere time, conduct, or change of circumstance (see, Chemical Bank v Sepler, 60 NY2d 289; Extebank v Ziegler, 207 AD2d 327). Such a guarantee may not be orally modified (see, Extebank v Ziegler, supra). The defendants admit that the guarantees and security agreements were never terminated or modified in writing. Therefore, they are still enforceable. Accordingly, the court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and properly denied those branches of the defendants' motion which were for summary judgment on that issue and on the defendants' affirmative defense and counter-

claim seeking, in effect, a declaration that the agreements were stale.

The Supreme Court also properly denied the defendants leave to amend their answer to assert certain additional defenses since the guarantees precluded the assertion of any defense other than performance (see, *United Orient Bank v Bao Lee*, 223 AD2d 500).

We agree with the bank's contention that the court improperly found that triable issues of fact existed as to the amount of damages under the first, second, fourth, and fifth causes of action. The bank presented evidentiary proof that the remaining amount owed on the loan was $158,333.30. The defendants' conclusory allegation that only $125,000 was still owed, is insufficient to raise a triable issue of fact. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The defendants' remaining contentions are without merit (see, *Midlantic Commercial Leasing Corp. v Home-Aide Distribs.*, 227 AD2d 220). Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur. [As amended by unpublished order entered Sept. 15, 1997.]