■ GARY COLBY, Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant, and SENTRY INSURANCE MUTUAL COMPANY, Respondent. [667 NYS2d 867] —Mikoll, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 5, 1996 in Essex County, which, *inter alia*, granted a motion by defendant Sentry Insurance Mutual Company for summary judgment dismissing the complaint against it.

Plaintiff was involved in a motor vehicle accident while operating a truck owned by T.J. Vesce, Inc. (hereinafter Vesce) which was leased by plaintiff's employer, American Forrest Products, Inc. This matter was previously before this Court (*see*, 115 AD2d 930, *lv denied* 67 NY2d 607) wherein we held that defendant St. Paul Fire and Marine Insurance Company did not insure Vesce.

Plaintiff commenced this action in an attempt to collect on a

default judgment against Vesce. Prior to January 1, 1981, Vesce's business vehicles were insured by defendant Sentry Insurance Mutual Company. The policy included the trailer plaintiff was hauling at the time of the accident. Sentry moved for summary judgment on the ground that the truck was not insured by it at the time of the accident. Supreme Court granted Sentry's motion and dismissed the complaint against it. Plaintiff appeals.

We disagree with Supreme Court and find that summary judgment is inappropriate as a question of fact exists as to whether Sentry's insurance policy was renewed. There was conflicting evidence adduced as to whether Vesce's policy with Sentry expired under its own terms on January 1, 1981 or was renewed and later canceled by the insurer. Vesce was billed for its auto-fleet policy in February 1982 and December 1982 by Sentry. Its trucks carried insurance cards issued by Sentry in 1982. Plaintiff had such a card which was presented at appropriate times to police and Department of Transportation officials. Records obtained from the Department of Motor Vehicles indicated that the truck plaintiff was driving at the date of its last registration, March 2, 1982, was insured by Sentry. Sentry issued a termination notice to Vesce on November 5, 1981; however, a subsequent notice was sent reinstating the policy.

Viewed in the light most favorable to plaintiff, we find a question of fact as to whether the insurance contract was in effect between Sentry and Vesce at the time of plaintiff's accident (see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610). A secondary question of fact presents itself as well: if Vesce's policy was renewed and then canceled by Sentry, did Sentry abide by the notice requirements of Vehicle and Traffic Law § 313, thereby entitling it to the statutory presumption of proper notice and filing (see, Vehicle and Traffic Law § 313 [1] [b]).

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant Sentry Insurance Mutual Company's motion for summary judgment; said motion denied; and, as so modified, affirmed.