11-901-cv
Sackets Harbor Leasing Co. v. Village of Sackets Harbor

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT:  JON O. NEWMAN,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

-----------------------------------------------------------------------

SACKETS HARBOR LEASING COMPANY, LLC,

                    *Plaintiff-Appellant*,

          v.                                    No. 11-901-cv

THE VILLAGE OF SACKETS HARBOR,
MICHAEL R. KINNIE, IN HIS CAPACITY AS MAYOR
OF THE VILLAGE OF SACKETS HARBOR,
ERIC CONSTANCE, IN HIS CAPACITY AS DEPUTY
MAYOR OF THE VILLAGE OF SACKETS HARBOR,
LAWRENCE C. BARONE, IN HIS CAPACITY AS
MEMBER OF THE BOARD OF TRUSTEES OF THE
VILLAGE OF SACKETS HARBOR,
DANIEL FRECHETTE, IN HIS CAPACITY AS MEMBER

OF THE BOARD OF TRUSTEES OF THE VILLAGE OF SACKETS HARBOR,
GENIE MCKAY, IN HIS/HER CAPACITY AS MEMBER OF THE BOARD OF TRUSTEES OF THE VILLAGE OF SACKETS HARBOR,
LONNIE REINHARDT, IN HIS CAPACITY AS DEPARTMENT OF PUBLIC WORKS SUPERINTENDENT,

*Defendants-Appellees.*<sup>∗</sup>

------------------------------------------------------------------------

FOR APPELLANT: ALAN ROBERT PETERMAN, Hiscock & Barclay, LLP, Syracuse, NY.

FOR APPELLEES: JONATHAN B. FELLOWS, Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Sackets Harbor Leasing Company ("SHLC") sued the defendants, the Village of Sackets Harbor (the "Village") and several Village officials, pursuant to 42 U.S.C. § 1983, claiming that the defendants had violated its right to due process by interfering with its wharf right along the eastern boundary of its waterfront property. SHLC appeals from a judgment of the United States District Court for the Northern District of New York (McCurn, J.) granting the defendants' motion for summary judgment on the ground that SHLC's claims were precluded by a prior lawsuit in New York state court. We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

<sup>∗</sup> The Clerk of Court is directed to amend the official caption as shown above.

2

In July 2000, SHLC purchased a parcel of real property on the shore of the Black River Bay in the Village, with the intention of developing a hotel and conference center. SHLC argues that when it purchased this parcel, it also acquired a "wharf right" along a 20-foot strip adjoining the parcel on its eastern boundary. In 2002, SHLC completed construction of a renovated bulkhead and a series of floating docks along the eastern boundary of its property. Shortly thereafter, the Village sued SHLC in New York State Supreme Court, alleging that the project exceeded the eastern boundaries of SHLC's property, and that SHLC had erected the floating docks in violation of the Village's Waterfront Management Law ("WML"). SHLC asserted a counterclaim pursuant to 42 U.S.C. § 1983, claiming that the Village had violated SHLC's due process rights by seeking to encroach on its property and by "seeking to rescind previously issued permits to construct the project."

In April 2004, the state court granted summary judgment to the Village on the WML cause of action and granted a permanent injunction to the Village barring SHLC from maintaining the disputed docks. Following a bench trial regarding the location of the boundary between SHLC and Village properties, which resulted in a verdict in the Village's favor, the state court executed a judgment adopting the Village's position regarding the property line and granting the Village "sole possession of the disputed property on [the Village's] side of the above-referenced boundary." In separate opinions, the Appellate Division, Fourth Department affirmed the Supreme Court's adjudication of both the location of the property line and the WML issue.

The Village then moved for summary judgment on SHLC's due process counterclaim, and SHLC cross-moved to file a second amended answer asserting, for the first time, a separate due process counterclaim based on a violation of its "wharf right" in the disputed area. By opinion dated March 7, 2007, the New York Supreme Court dismissed the original counterclaim on the grounds that "there has been a Trial and an

3

Appellate Division decision, finding that action by the Plaintiff did not equate to granting a vested right to the Defendant." It also denied SHLC's cross-motion to file a second amended answer, noting that the proposed amendment appeared to be futile.

SHLC then filed this action in federal court, alleging that it was entitled to proceed with the bulkhead and dock project pursuant to its "wharf right" in the disputed area. Defendants moved for summary judgment, which the District Court granted on the ground that SHLC's rights in the disputed area had already been litigated in the state court action and could not be relitigated.

We review an award of summary judgment de novo. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010). "Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009) (alteration in original) (quotation marks omitted). New York courts have adopted a "transactional" approach to res judicata, which "operates to preclude the litigation of matters that could have or should have been raised in a prior proceeding arising from the same 'factual grouping,' 'transaction,' or 'series of transactions.'" Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (quoting Bd. of Managers of Windridge Condominiums One v. Horn, 234 A.D.2d 249, 250 (2d Dep't 1996)). Accordingly, a litigant may not bring successive lawsuits "to recover what is essentially the same relief for harm arising out of the same or related facts," even if the suits depend on "alternative theories" to establish entitlement to relief. O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981).

4

SHLC's complaint alleging a violation of its "wharf right" arises from the same "factual grouping, transaction, or series of transactions" as the state court action brought by the Village. Ferris, 118 F.3d at 126 (quotation marks omitted). The issues of who owned the disputed land, and whether SHLC was entitled to complete its bulkhead and dock project on that land, were thoroughly litigated in the New York Supreme Court, resolved against SHLC, and affirmed by the Appellate Division. SHLC failed timely to raise the theory of its entitlement to a "wharf right." Because this theory "should have been raised in a prior proceeding," id., SHLC is barred by New York principles of res judicata from raising it now.

SHLC argues that its action should be permitted to proceed because, when it sought to file a second amended answer in the Supreme Court asserting its "wharf right" theory, the state court denied leave to amend and suggested that the "wharf right" claim, if viable, should be asserted in a separate action. We are not persuaded. The state court made that suggestion only in the course of explaining that, for purposes of the state action, SHLC had failed to demonstrate that this claim was viable and justified leave to file a second amended answer. A court adjudicating a matter does not determine the res judicata effect of its own judgment. See Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 318 F.3d 392, 398 (2d Cir. 2003).

We have considered SHLC's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5