Smith v Schmidt (2024 NY Slip Op 51723(U))

[*1]

Smith v Schmidt

2024 NY Slip Op 51723(U)

Decided on December 19, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through December 20, 2024; it will not be published in the printed Offical Reports.

Decided on December 19, 2024
Supreme Court, Kings County

Marvin Smith, Plaintiff,

against
Martina Schmidt and PATRICK J. COSTELLO, Defendant(s).

Index No. 507716/2024

Attorney for Plaintiff 
Mike Barchak, Esq.
600 Old Country Road 3 425
Garden City, New York 11530
631-937-3122
Attorney for Defendants
Joan M. Richter, Esq. 
HAGELIN SPENCER LLC.
135 Delaware Avenue, Suite 200
Buffalo, New York 14202
(716) 849-350

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on April 17, 2024, under motion sequence number one, by Marvin Smith (hereinafter plaintiff) for an order pursuant to CPLR 3212 granting summary judgment as to liability in plaintiff's favor against Martin Schmidt and Patrick J. Costello (hereinafter the defendants) and striking the first, fourth, fifth, seventh, and eighth affirmative defense asserted in the defendants answer. The motion is opposed.
-Notice of motion
-Affirmation in support
Exhibits A-C
-Statement of material facts
-Affirmation in opposition
-Affidavit in opposition
-Counter Statement of material facts
-Affirmation in reply
Exhibits D-E
[*2]BACKGROUND
On March 15, 2024, plaintiff commenced the instant action for damages for personal injuries sustained in a motor vehicle accident (hereinafter the subject accident) by filing a summons and complaint with the Kings County Clerk's office (KCCO). Plaintiff chose Kings County as the place of trial because it is the county where plaintiff resides. 
On April 16, 2024, the defendants interposed and filed a joint answer. As relevant to the motion the defendants' answer includes the following affirmative defenses. The first affirmative defense claims the plaintiff bears culpability for causing the subject accident. The fourth claims that plaintiff's failure to use a seat belt contributed to plaintiff's injury. The fifth claims that the subject accident was caused by an emergency. The seventh claims that the lawsuit is frivolous. The eighth claims that Kings County is an improper venue.
The complaint and the affidavits of the plaintiff and Pierre F. Roman establishes the following facts. On May 10, 2023, at 5:50 pm, the plaintiff was a rear seated passenger in 2022 Kia bearing NJ Plate number P81RBX operated by Pierre F. Roman. On that date and time, Roman was stopped in traffic on Seamans Neck Rd., near the Paumanok Elementary School Entrance, in the town of Huntington, County of Suffolk and State of New York. His vehicle was struck in the rear (hereinafter the subject accident) by a motor vehicle bearing NY license plate HFF3631 that was owned by defendant Martina Schmidt and driven by defendant Patrick J. Costello. The plaintiff suffered serious physical injury caused by the subject accident.
LAW AND APPLICATION
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v. Prospect Hospital, 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (Giuffrida v. Citibank, 100 NY2d 72 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v. Gervasio, 81 NY2d 1062 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez v. Prospect Hospital, supra, 68 NY2d at 324).
Pursuant to CPLR 3212(b) a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, "that there is no defense to the cause of action or that the cause of action or defense has no merit." Further, all the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v. Dino & Artie's Automatic Transmission Co., 168 AD2d 610 [1990])" (People ex rel. Spitzer v. Grasso, 50 AD3d 535, 544 [1st Dept 2008]).
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (Yassin v. Blackman, 188 AD3d 62, 68 [2nd Dept 2020]). 
Defendant Patrick J. Costello submitted an affidavit in opposition to the motion. He claimed that he was traveling below the posted speed limit and came to a stop behind the Kia vehicle when the Kia vehicle stopped for a red light. He then claimed that while he was looking for his cell phone his foot came off the brake. He then put his foot back on the brake and did not believe that he contacted the Kia vehicle. He did not aver, however, that he did not make contact with the Kia [*3]vehicle. Plaintiff's opposition papers did not proffer a non-negligent explanation for the rear end collision.
The affidavits of the plaintiff and Pierre F. Roman also made a prima facie showing that the plaintiff was a seat-belted innocent passenger at the time of the subject accident and that it was not caused by an emergency. The plaintiff's claim is meritorious and properly brought in Kings County. Plaintiff's motion to strike the first, fourth, fifth, seventh and eighth affirmative defense is granted.
CONCLUSION
The branch of the motion by plaintiff Marvin Smith for an order pursuant to CPLR 3212 granting plaintiff summary judgment on the issue of liability against the defendants Martin Schmidt and Patrick J. Costello is granted.
The branch of the motion by plaintiff Marvin Smith for an order striking the first, fourth, fifth, seventh and eighth affirmative defense asserted in the defendants' answer is granted.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.